Good morning, Judge Fischer, Judge Paez, Judge Hurwitz. May it please the court, I am Robert John, appearing on behalf of the appellants, David Olson and Absolute Environmental Services. The legality of the three individuals' conduct controls the outcome of both cases. That's what Judge Sedwick said when he originally stayed the proceedings in this case, and that was his assumption, but as we look and we see what happened in the state court proceedings when the case finally got to the Alaska Supreme Court, they did not really decide anything about the conduct of the three individuals who are being sued in this case. They decided on a purely state contractual basis, so therefore the assumption Judge Sedwick had when he made his stay order actually never came to fruition because there was no decision in the state court proceedings about the legality or illegality of the conduct of the three defendants in this case. Alaska law, as far as race judicata goes, is very clear, and it says race judicata does not apply where the cause of action could not have been asserted in the other cases. So the issue isn't really what the Alaska Supreme Court decided, but whether or not you could have asserted the causes of action against the individuals in the administrative appeal, right? That's one of the basic issues. It's a simple Alaska race judicata analysis. Right. When I use the term claim preclusion, I'm talking about race judicata, but claim preclusion turns on whether or not you could have asserted these claims in the administrative appeal, not whether or not they were the basis of the final decision, correct? Yes, and whether we could have asserted them involves whether we could have gotten the remedies that we're seeking in this case, and Alaska recognizes that as well as does the United States Supreme Court in its jurisprudence. So the remedies in this case, if you look at the Alaska case law, you look at the JNS services cases, which we discussed in both of our briefs. In that case, there was a claim brought against the state and against the individuals as a separate court proceeding, and the court said, well, you can't pursue your claim against the state because the only way to sue the state in Alaska in a contractual matter is to follow through this administrative process, and the court said you don't have a claim against the state. Let's assume you're right about claim preclusion, that the district court made a mistake in relying on claim preclusion. The district court never got to issue preclusion in this case, am I correct? It never reached collateral estoppel. Right, and that's issue preclusion. Should we, or should we ask the district court to do that in the first instance? Well, I think as a general matter, the court can discuss issue preclusion as far as we briefed it to make clear what issue preclusion is under Alaska law, and the district court can then deal with that. I mean, the district court surely can figure out what issue preclusion is under Alaska law. My question is, assuming we get to the issue preclusion part of the case, should we decide it, or should we say, district court, you didn't decide this issue, you look at it in the first instance? I think this court can decide issue preclusion. Why don't we can? I'm asking you whether we should. I'm asking you whether your position I'm asking this court to do that, and I think you should, to simplify the So we like to review what the district court does. Yes. Here, the district court did not look at issue preclusion. It did not, but I think it's an obvious legal issue that's presented on the face of the evidence. It doesn't require... Well, it's not entirely clear to me. What do you, of all the claims that are pending, which do you contend are still viable? I believe all of them. Or not barred by issue preclusion? All of them. Which are the claims that are left? Well, we have our federal causes of action. 1983, and you have... In your 1983... As I understand your 1983 case, you have due process violations, correct? Yes. All right. Didn't the... What do we do with the superior court's finding? Does that just go away? Yes, it does, Your Honor, at this point in time, because under Alaska jurisprudence, the superior court finding is no longer... Has any collateral estoppel effect when the case gets appealed to the Alaska Supreme Court, and they do not reach that issue. But at the end of the day, the Alaska Supreme Court says you have no claim because you didn't file it appropriately, correct? They said that as far as the contract is concerned. As far as the contract... And maybe that relates to damages... Well, I mean, that's what I'm wondering about. It seems to me there may be real issue preclusion problems with respect to any claim that you were damaged by the conduct of people turning down a claim which was procedurally inappropriate. So I'm not sure you want us to decide that issue, but if you do, you might not win it. Well, then perhaps the court should remand it then, and we can develop that further on remand. That would be an advisable process, then, to do that, to allow the parties... Because the state bears the burden of proof on issue preclusion, so it has to plead it, it has to prove it via evidence. Well, it's not really by evidence. What you do is issue preclusion is done on the face of proceedings. One doesn't put a witness on the stand and prove it. One looks at how a prior decision was made. And it seems to me that there are serious issue preclusion issues in this case. Well, I don't think you're arguing on it, and that may be one reason to remand it. It hasn't really been fully briefed. It was not raised. It needs to be fleshed out on remand and decided where that applies. So let's come back to race judicata. I'm still not clear why race judicata doesn't apply here. You told Judge Hurwitz that for some reason you didn't have a chance to fully litigate your federal claims in state court. Doesn't the Superior Court have general jurisdiction and can hear federal claims? It has general jurisdiction in certain cases, but it doesn't have jurisdiction in an administrative appeal. This was not a case filed in the Superior Court as a civil action per se. It followed a state administrative process under statute where Alaska law, and I think Alaska may be the only state where you cannot file an independent cause of action in court against a state. You have to follow this administrative process. So you did that. You followed the administrative procedure, and then when you appealed to the Superior Court, you're saying that at that stage you were limited to the issues that were contested in the administrative process. The Superior Court allowed us to do some discovery and develop some issues for appeal, but the ultimate decision in the Superior Court, it didn't allow for a full trial de novo. It allowed us to explore a few issues. So for that reason, it doesn't really satisfy due process. But it did look at the core issues that you're complaining about. It looked at some of the procedural issues, but it didn't look at the conduct and the motivation of the parties, of the defendants in this case. He wouldn't let us get into that. Well, he wouldn't let you get into their decision-making process. Correct. But the Alaska case law, like the JNS services and some of the issues that may arise under the federal law will look at the state of mind of the actors, and we were not allowed to go into that. And we weren't allowed to pursue a damages claim against the individuals in the administrative process. That's a separate, that's a tort remedy. That's an extra contractual remedy. The statutory remedies, whether they're under the federal statutes or under the state law, are extra contractual remedies that we were not allowed to pursue. Let me get back to the end result in Alaska. The Alaska Supreme Court basically says, you have no cognizable claim to be paid. They ruled that there was not a contractual claim for damages. Right. But that doesn't mean... So let me go back, let me go back, because that's why you can explain this to me. Your claim against these various state actors is that they somehow deprived you of due process net animus in the proceeding in which you were seeking to recover contractual damages, correct? Yes, in that proceeding. Now that we know that you couldn't have recovered contractual damages anyway in that proceeding, the Alaska Supreme Court has told us that, how is it that you have any damage at all? There's consequential damages from the way that proceeding was conducted. They should have thrown you out more quickly rather than... Well, no, actually, you can't say how that proceeding would have come out, because if there was not the interference, the ex parte contacts, and the illegalities, the hearing officer had a decision that was in our favor if it was properly processed. What I'm having difficulty with, and maybe this is an issue, the reason we should send it back to the district judge if we don't find claim preclusion, is that in the end your complaint is about the way a proceeding was held and the people who held the proceeding operated. We now know that no matter how that proceeding was operated and held, you lose, because the Alaska Supreme Court has told us that your claim was procedurally barred. That's where I make some difficulty in figuring out how it is that you have any claims remaining. Perhaps you have nominal damages claims remaining, I don't know. Well, there are some, and there's perhaps attorney's fees to be recovered. Maybe we need to flesh these out on remand. That's perhaps the best reason to do it, but I see I'm over my time. I refer the court again to the J&F Services case where the Alaska specifically recognizes you have an independent cause of action against entities in the contracting process, even if you don't have a valid claim against the state. That's what the ultimate decision in that case was. No valid claim against the state, but the case was remanded to consider the claims against the individual actors in a separate proceeding, and that's what we're allowed to do here. Okay, thank you. I'll give you a minute for rebuttal. Let's hear from the state defendants. May it please the court. My name is Dario Borgeson, and I'm arguing on behalf of all the defendants in this appeal. The allegations of official misconduct in lawsuit have already been litigated at trial in the Alaska Superior Court, and as soon as that court made factual findings... Well, that was an administrative proceeding, right? Not exactly. It was a trial de novo. A trial de novo on the issues that were before the... The Alaska statute provides for a trial de novo with respect to the issue before the administrative agency, correct? Well, that's not what happened in this case because the issue before the administrative agency was ability to recover on the contract claim, the claim for additional compensation. The trial de novo was held on a separate issue of allegations of official misconduct in the administrative decision-making process. So what do you do then with the Alaska Supreme Court saying, we don't need to worry about all that stuff because the end result in this case is dictated by procedure? Well, that's a question for the collateral estoppel defense, but for the res judicata defense, the question really is, did he have a full and fair opportunity to bring these claims before the Alaska court? And he did, and I want to address... Was he required to, under Alaska law? I think the claim preclusion issue is, was he required to bring these claims in his administrative appeal? He was required to. Once he sought and was granted a trial de novo on allegations of official misconduct, he was required to bring all the claims that could have arisen out of that official misconduct. The civil rico claims, the common law tort claims, the section 1983 claims. And if you take a look at... So what would the trial court have done with those claims? Alaska appellate rule 609 is the authority for the trial court, or the superior court acting as a court of appeal to grant a trial de novo. And what it says... On the administrative claim. De novo means you've had one before and you're getting a new one. Sure. But that's on the administrative claim. And the superior court also recognized that there wasn't... To call it a trial de novo was a little bit of a misnomer in this case because there wasn't a previous litigation or airing of the due process issues. But what the rule allows you to do, it actually allows you to bring additional claims and parties into the trial de novo, rule 609B. It contemplates that you can... What happens when an administrative appeal is converted to a trial de novo is the rules of normal civil procedure in the superior court apply. And the only limitation is that to bring additional summons or amend your pleadings, you have to get leave of court. So at that point, having successfully received a trial de novo, he could have sought leave to... It was only a limited trial de novo. Well, it was... No. The only limitation was the deliberative process privilege. It was a... There was discovery. He deposed. The two actors that he alleged committed wrongdoing. There was a hearing, multi-day hearing with cross-examination and direct examination, factual findings. That's a trial. The only significant limitation was the deliberative process privilege. And that's something that would apply in a regular court proceeding. It would apply in federal court as well. It would apply if one claimed that during the deliberative process, Judge Pius and I conspired to rule against you and you brought a claim. We could say we have a deliberative process privilege until you can't find out what we did. That's a common law privilege. I mean, it... Yeah, but it seems to me it applies in the administrative proceeding. If their contention is that somehow the deliberative process was corrupted, are you saying that they couldn't bring that in a separate proceeding? They could... If they brought it... If they bring it as a separate proceeding, say Section 1983 claims, same conduct that they're alleging, the deliberative process test applies. Now, there's a balancing test to deliberative process. One, the first element, is it deliberative? Is it pre-decisional? And then the court has to say, well, does the interest in disclosure outweigh the interest in the privilege, which is protecting... But it would apply in any Section 1983 case. Let's go back to claim preclusion because I'm still having some difficulty. They file an appeal from an administrative procedure, an administrative decision. The state agency decides against them, and they file an appeal, and it's them against the state agency, right? And you're saying that under Alaska law, they are now required to add additional parties to this proceeding and sue them for damages? The point of res judicata is... Yes? Yes. And there's no case directly on point. That's what I was going to ask you. There's no case directly on point, but if you look at the JNS case that they cite, it's a roadmap for litigants in this situation. You make the administrative appeal, and you file a Section 1983 claim simultaneously. You seek a trial de novo, and you consolidate these claims for trial. But doesn't JNS involve... JNS involves two separate filings, correct? It does. Yes? Yes. And so what the court says there is you're not barred from making a separate filing. Right. But are you required to make the separate filing in this suit? You are required so that you don't have exactly the problem that's here, which is you go through, you use the court and all the litigants' time to actually litigate allegations of misconduct. You get a decision, and then you don't like the outcome, and you bring a separate case in federal court, and you want to litigate the same thing all over again. Same witnesses, same issues, same discovery. Res judicata, yes, there's no case on porn in Alaska, but it's clear that res judicata applies to prevent this kind of waste of judicial resources. Doesn't the waste issue cut the other way, too? What if they were to have won the administrative proceeding and got the contract? Then wouldn't their claims of conspiracy and ill treatment certainly have been mitigated? In other words, we don't know whether they got any damages until we know whether or not they get the contract. If they had won... In other words, I take it you're going to argue they have no damages now because they wouldn't have gotten the contract anyway. It's true. What if they'd won the administrative proceeding? Then wouldn't their 1983 claims have gone away also? If they'd won on the merits issue of recovery? Yeah. Yeah, I would think so because they should have brought the same claims. The duplication issue cuts both ways. You might want to finish the administrative proceeding first and find out how it comes out before you go sue people. But that claim, that administrative issue would still exist. They just have to bring all the claims at once and the Alaska Supreme Court could decide on whatever issues were live at that point. But the fact is they never brought those claims even though they could have. That means that under Alaska law they had a full and fair opportunity to litigate these claims and they chose not to. Well, they did raise the due process issue. They did. In the limited trial they know of or the trial they know of. Right. And that was the point to raise. So when it went up to Alaska Supreme Court they just didn't even touch that. They did. But for residue decada it doesn't matter because it bars all claims that could have been brought in the initial- In this proceeding. Right. And that's my question to you. Can they be brought in the administrative proceeding or must there be a separate lawsuit They can be brought in the administrative proceeding if you receive a trial de novo it allows you to add claims in parties. The rule expressly contemplates What rule is that again? Alaska Rule of Appellate Procedure 609B. And must the judge add claims in parties or does the judge have the discretion not to add claims in parties? The judge has the discretion. Under a mandatory joinder rule as opposed to a permissive joinder rule? In other words the judge look at it and say I don't have to add these parties because this is going to make this a much more complicated proceeding than it would have been otherwise. I'm not sure that there's there's not an Alaska decision on point on that issue. Could they have under England could they have reserved expressly reserved their federal claims as they proceeded in the state court? They could have but they didn't and they've never alleged anywhere that they did that So just to sum up then you're saying basically you go to the administrative process in order to exhaust that potential remedy and then if you don't win there you can go in and appeal that to the superior court and under 609B to the extent that you hadn't raised these due process claims or you hadn't named the individuals under 609B they could have done so They could have done so and or they could have said we want to reserve our federal claims under England and they didn't do that They could have they could have also done an England reservation and they didn't I do want to address the issue of collateral estoppel really briefly and Judge Hurwitz you're exactly right that the issue of damages the Alaska Supreme Court ruled that whatever allegations of misconduct there were they didn't affect their ability to recover and that determination is preclusive in this litigation so it completely nixes their civil reco claims and their common law tort claims because all those claims require proof of damages and it also inhibits their ability to recover anything on the civil rights claims Nominal damages They potentially could recover nominal damages but it's certainly preclusive of a lot of issues and I think the court can decide that because that's a de novo question Let me just I know you're over your time but I'm still I'm worrying about rule 609 here As I read it it's a permissive rule but it says you may with the court's permission add additional parties and claims much like sort of the federal rule civil procedure that says if you have claims arising out of the same set of facts against different parties you might join them but you don't have to there's no there's no federal rule that requires that you sue everybody that you claim caused something in the same lawsuit you can make separate lawsuits against them so I take it it's true that they could have brought a separate lawsuit against these individuals under Alaska law Yes and not utilize rule 609 They could have done that and since they could have doesn't that doesn't that mean that we don't have res judicata or claim preclusion Well the law in Alaska is that if you had the opportunity to litigate the claims in the prior action then you should have done so that's the law and so they at least had to ask under rule 609 now it's true that it's not mandatory and that you know the trial court the superior courts granting leave to file or not to add additional claims and parties would be reviewed for abuse of discretion but if you don't try you know and if he tried and the superior court was like no you can't add additional parties or claims then he didn't have the opportunity to fully litigate those claims in front of the superior court but if you don't try but you didn't have the opportunity and you didn't try normally the opportunity ones deals with the parties that are in front of you and that's why I'm asking if you have any case law that says the opportunity doctrine means that you could have tried to add additional parties but you didn't there's no case law directly on point let me ask you I just have one last question for you and that when I was working preparing for this case I came across the last statute 36.30.627 which deals with an appeal from a decision of a procurement officer of a claim involving a construction contract and it says well you know if it's less than $250,000 you go to arbitration it's more so you can still go to arbitration or you get a hearing under 36.30.630 which we had here and then it says in this section a claim includes all issues causes of actions and controversies arising from        what does it refer to well if it's less than $250,000 you go to arbitration or you get a hearing under 36.30.630 which we had here what is that statute referring to I believe it's referring to all theories of recovery on the contract or beyond the contract on the contract but the issue here is that their allegations of due process didn't materialize until after that point because you know they're saying after that hearing on appeal in front of the agency that's when the misconduct happened so they couldn't have raised them they couldn't have raised them they couldn't have raised them at that point because the alleged misconduct occurred after you know the contract the contract claim arose ok thank you that helps may it please the fact that the claims in this case were permissive at most and the claims were actually discovered during the course of the partial trial de novo when evidence came forth and at that point in time Mr. Olson and absolute environmental services exercised their right to pursue their claims in federal court they went to federal court with those claims there was no right to a jury trial it was all very it's questionable and speculative at best right now what could have even happened in an administrative appeal they chose federal court and under England that should have been honored especially once they opposed staying the proceedings they wanted to proceed with their federal claims then and there and were prejudiced by not doing that and they're entitled to pursue those claims right now and then issues related to those claims can be raised on remand if there's collateral estoppel that can be more thoroughly explored but clearly the trial court district court's ruling on the issue of race judicata is incorrect and this case needs to be reversed and remanded so how did it come about that when you brought your appeal to the superior court it became a trial de novo there was a you have to request one generally and you did and there was one requested but it was limited by the superior court to certain issues to conduct discovery and depositions and in that discovery evidence came forth that caused these federal claims to be legalized and say oh we have federal claims so we then pursued those in federal court we have a right to a jury trial and a full and fair proceeding not the limited proceeding and ultimately this is a contract proceeding in the state court it's not intended to be mixed in with other issues at the same time and in fact if you look at the blue case when that was tried to be done the court bifurcated it out into a separate case and allowed the administrative part to proceed first you didn't ask for any bifurcation or raise with the superior court judge the England stipulation that your reservation we didn't raise it with the superior court but the England reservation is made by virtue of our actions in the federal court and as I understand this court's jurisprudence it doesn't have to be an express reservation it's almost like you have to waive the England reservation by acting in such a way so as to fully and voluntarily litigate those federal claims in state court and we clearly did not do that okay thank you thank you your honor the matter is
judges: Fisher, Paez, Hurwitz